**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5322-17T4

SHIRLEY MOURIN,

     Plaintiff-Appellant,

v.

WALGREENS, RD ELMWOOD
ASSOCIATES, LP,

     Defendants-Respondents.

_____

WALGREENS EASTERN CO., INC.,

     Defendant/Third-Party Plaintiff,

v.

HOBART BUILDERS, INC.,

     Third-Party Defendant.

_____

Argued January 23, 2020 – Decided February 14, 2020

Before Judges Nugent and Suter.

On appeal from the Superior Court of New Jersey
Law Division, Bergen County, Docket No. L-6954-15.

Patrick M. Metz argued the cause for appellant (Dario Albert Metz & Eyerman LLC, attorneys; Patrick M. Metz, on the brief).

Respondents have not filed a brief.

PER CURIAM

Plaintiff Shirley Mourin appeals the June 8, 2018 order that denied reconsideration of her request to amend her complaint to include third-party defendant Hobart Builders, LLC, as a direct defendant. Finding no abuse of discretion, we affirm substantially for the reasons given by Judge Robert L. Polifroni in his decision to deny the motion and to deny reconsideration.

Plaintiff filed a complaint on July 28, 2015, against defendant Walgreen Eastern Co. Inc. (Walgreens) alleging that as a "lawful invitee" she sustained personal injuries from a slip and fall on ice when exiting the Elmwood Park Walgreens in January 2014. Walgreens denied liability. On May 24, 2016, following its motion, Walgreens filed a third-party complaint against Hobart Builders, Inc. alleging Hobart was responsible for snow and ice removal where plaintiff fell. The third-party complaint sought common law and contractual indemnification, contribution under the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 to -5, and breach of contract damages. Hobart did not answer, and Walgreens requested entry of default.

Walgreens was apportioned 90% liability and plaintiff, 10% in the arbitration. After that the case was closed. The February 9, 2018 Stipulation of Dismissal with Prejudice provided that the action "against the defendant/third-party plaintiff, Walgreen[s] . . . is dismissed with prejudice and without costs to any party involving all matters pertaining to the above captioned parties."

On April 4, 2018, plaintiff filed a motion to amend the complaint to include Hobart as a "direct [f]irst [p]arty" defendant. The proposed second amended complaint included a new third count which alleged Hobart was responsible for snow removal and shoveling at the premises

In denying this motion on April 27, 2018, the trial court found a lack of due diligence by plaintiff. The complaint was filed on July 28, 2015, and discovery was extended five times for a total of 734 days, closing on December 10, 2017. The case was "settled as to all issues and parties" and closed on January 24, 2018.[1] The judge reasoned plaintiff knew about Hobart's alleged liability when it was added as a third-party defendant on May 18, 2016. "Questions as to who was responsible for snow removal at the location in question ought have been contemplated, and acted on during the beginning of

---

[1] The January 24, 2018 order that closed the case is not included in the appendix. The trial judge's decision states that this January 24, 2018 order provided the case was "settled as to all issues and parties."

A-5322-17T4

discovery . . . ." The court found a "lack of appropriate diligence in attempting to substitute the true name of a fictitiously identified defendant." The court had denied earlier motions by Walgreens and plaintiff to add other defendants because that would have "cause[d] further delay."

Plaintiff requested reconsideration. In denying plaintiff's motion on June 8, 2018, the trial court found plaintiff did not provide any new information or highlight "competent evidence that the court failed to consider." Instead "plaintiff has simply re-argued its position from its motion to amend . . . ."

On appeal, plaintiff argues the trial court committed reversible error by denying its motion to amend the complaint to include Hobart as a direct defendant. She contends Hobart will not be prejudiced because it "will have the opportunity to maintain a defense on the merits." Also, Hobart was aware it had a contractual obligation to remove snow and ice.

The grounds for reconsideration are limited. State v. Puryear, 441 N.J. Super. 280, 294 (App. Div. 2015). Reconsideration is not appropriate merely because a litigant is dissatisfied with a decision. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990). Reconsideration is appropriate only where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or

failed to appreciate the significance of probative, competent evidence." Ibid. Reconsideration also may be granted where "a litigant wishes to bring new or additional information to the [c]ourt's attention which it could not have provided on the first application." Ibid. "[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

Plaintiff did not argue the trial court decided the reconsideration motion on some palpably incorrect or irrational basis, that it failed to consider evidence, or new evidence was presented. As such, plaintiff did not allege how the trial court abused its discretion in denying the motion for reconsideration. Plaintiff waived any challenge to the reconsideration order by not raising the issue in its brief. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned). See Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2020).

The trial court did not abuse its discretion when it denied plaintiff's motion to amend on April 27, 2018. The disposition of a motion to amend generally

rests with the sound discretion of the court.  <u>Fisher v. Yates</u>, 270 N.J. Super. 458, 467 (App. Div. 1994).  We ordinarily will not disturb a trial judge's determination on a motion to amend a pleading, unless it constitutes a "clear abuse of discretion."  <u>Franklin Med. Assocs. v. Newark Pub. Sch.</u>, 362 N.J. Super. 494, 506 (App. Div. 2003) (quoting <u>Salitan v. Magnus</u>, 28 N.J. 20, 26 (1958)).

The record supports the trial court's finding that due diligence was not exercised.  Discovery had been extended five times for a total of 734 days.  Plaintiff was aware of Hobart in 2016, after Walgreens amended its answer to include it as a third-party defendant.  The time was then to make the motion.  <u>See</u> <u>R.</u> 4:8-1(b).

Plaintiff's motion was made after the case was closed. The parties' stipulation dated February 9, 2018, provided the case was dismissed with prejudice "involving all matters pertaining to the above-captioned parties."

If the amendment were allowed Hobart would have to defend a slip and fall claim that arose in 2014 without any indication witnesses and documents are still available.  And, there was nothing in the third-party complaint to alert Hobart that plaintiff might be making a direct claim against it.  Thus, we are satisfied plaintiff had a fair opportunity to develop her claims in a timely

manner. Having carefully reviewed the entire record, we find no basis to conclude that the trial court abused its discretion when denying plaintiff's motion to amend the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION